

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**DR. GLORIA DANSBY-GILES**                                          **PLAINTIFF**

**VS.**                                        CIVIL ACTION NO. _3: 10 CV 214 TSL FYB_

**JACKSON STATE UNIVERSITY; DR. RONICA**
**ARNOLD, IN HER OFFICIAL AND INDIVIDUAL**
**CAPACITY; DR. JEAN FARISH, IN HER OFFICIAL**
**AND INDIVIDUAL CAPACITY; DR. VELVELYN**
**FOSTER, IN HER OFFICIAL AND INDIVIDUAL**
**CAPACITY; DR. RANNIE LEWIS, IN HIS OFFICIAL**
**AND INDIVIDUAL CAPACITY; DR. REGINA FULTS**
**MCMURTERY, IN HER OFFICIAL AND INDIVIDUAL**
**CAPACITY; DR. DION PORTER, IN HIS OFFICIAL**
**AND INDIVIDUAL CAPACITY; DR. NANOLLA**
**YAZDANI, IN HIS OFFICIAL AND INDIVIDUAL**
**CAPACITY; AND DR. DANIEL WATKINS, IN HIS**
**OFFICIAL AND INDIVIDUAL CAPACITY**                    **DEFENDANTS**

## PETITION FOR REMOVAL

Defendants, by and through their undersigned attorney, respectfully represent:

1. That Defendants, Jackson State University, Dr. Ronica Arnold, Dr. Jean Farish, Dr.

Velvelyn Foster, Dr. Rannie Lewis, Dr. Regina Fults McMurtery, Dr. Dion Porter, Dr. Nanolla

Yazdani and Dr. Daniel Watkins are the nine defendants named in the above captioned civil action

now pending in the First Judicial District of Hinds County, Mississippi, Cause No. 251-09-966CIV.

Defendants Dr. Ronica Arnold, Dr. Jean Farish, Dr. Velvelyn Foster, Dr. Rannie Lewis, Dr. Regina

Fults McMurtery, Dr. Dion Porter, Dr. Nanolla Yazdani and Dr. Daniel Watkins are employees of

Jackson State University and the acts which are alleged against these defendants were conducted

within the course and scope of their employment. The individuals have each been sued in their

official and individual capacities. The First Amended Complaint was filed on March 16, 2010 and

Defendant Jackson State University was served with the First Amended Complaint by serving Jim Hood, Attorney General of the State of Mississippi, pursuant to Rule 4(d)(5) of the Mississippi Rules of Civil Procedure. Mr. Hood was served on March 16, 2010. Dr. Daniel Watkins was served on March 22, 2010. Upon information and belief, each defendant has been served and to the extent necessary each defendant joins in this removal.

2. Copies of all process, pleadings and papers received by Attorney General Hood in such action are attached hereto as Exhibit 1.

3. Copies of all process, pleadings and papers filed in the Hinds County Circuit Court, Civil Action No. 251-09-966CIV are attached hereto as Exhibit 2.

4. Copies of all process, pleadings and papers received by Defendant Daniel Watkins in such action are attached hereto as Exhibit 3.

5. Based on the allegations asserted in plaintiff's Complaint and First Amended Complaint, the above captioned action is one which may be removed. In particular, plaintiff claims that she timely filed a Charge of Discrimination with the EEOC asserting claims of **sex**, age and disability discrimination as well as retaliation. First Amended Complaint, at ¶ 14 (emphasis added). *See also*, Complaint, at Exhibit A(in charge of discrimination Plaintiff marked box indicating she was alleging sex discrimination). Plaintiff also alleges violations of the Rehabilitation Act of 1973, as amended. *Id.* at ¶¶ 51-58. Plaintiff's assertion of these specific claims makes this action removable pursuant to 28 U.S.C. §§1331 and 1441(a).

**WHEREFORE**, this action now pending in the First Judicial District of Hinds County, Mississippi is properly removed pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1441(b).

Respectfully submitted,

JACKSON STATE UNIVERSITY, DR. RONICA

ARNOLD, DR. JEAN FARISH, DR. VELVELYN
FOSTER, DR. RANNIE LEWIS, DR. REGINA
FULTS MCMURTERY, DR. DION PORTER, DR.
NANOLLA YAZDANI AND DR. DANIEL
WATKINS


BY THEIR ATTORNEYS,
PIGOTT REEVES JOHNSON, P.A.

By: _____
CARLTON W. REEVES MSB #8515


This Notice of Removal has been signed pursuant to Rule 11, Fed. Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

I, CARLTON W. REEVES, do hereby certify that I have forwarded, via U.S. mail, postage prepaid, a true and correct copy of the foregoing Petition for Removal to the following:

> Honorable W. Swan Yerger
> Hinds County Circuit Court Judge
> P. O. Box 22711
> Jackson, MS 39225
>
> Louis H. Watson, Jr.
> Nick Norris
> 520 East Capitol Street
> Jackson, MS 39201

This the 15th day of April, 2010.

CARLTON W. REEVES

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

DR. GLORIA DANSBY-GILES                                      PLAINTIFF

VS.                                                          NO. 251-09-966 CIV

JACKSON STATE UNIVERSITY; DR. RONICA
ARNOLD, IN HER OFFICIAL AND INDIVIDUAL
CAPACITY; DR. JEAN FARISH,  IN HER OFFICIAL
AND INDIVIDUAL CAPACITY; DR. VEVELYN
FOSTER, IN HER OFFICIAL AND INDIVIDUAL
CAPACITY; DR. RANNIE LEWIS, IN HIS OFFICIAL
AND INDIVIDUAL CAPACITY; DR. REGINA FULTS
MCMURTY, IN HER OFFICIAL AND INDIVIDUAL
CAPACITY; DR. DION PORTER, IN HIS OFFICIAL
AND INDIVIDUAL CAPACITY; DR. NANOLLA
YAZDANI, IN HIS OFFICIAL AND INDIVIDUAL
CAPACITY; AND DR. DANIEL WATKINS,
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY         DEFENDANTS

### SUMMONS

TO:   Jackson State University
      Honorable Jim Hood
      Mississippi Attorney General
      450 High Street
      Jackson, Mississippi 39201
### NOTICE TO DEFENDANT

**The Complaint which is attached to this summons is important and you must take
immediate action to protect your rights.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to
**Louis H. Watson, Jr., Louis H. Watson, Jr., P.A., 628 North State Street, Jackson, Mississippi
39202-3303,** the attorney for the Plaintiff. Your response must be mailed or delivered **within thirty
(30) days** from the date of delivery of this Summons and Complaint or a judgment by default will
be entered against you for the money or other things demanded in the Complaint

You must also file the original of your response with the Clerk of this Court within a
reasonable time afterward.

ISSUED under my hand and the seal of said Court, this the 16th day of March, 2010.

Honorable Barbara Dunn
Circuit Clerk of Hinds County, MS

By:_____
        Deputy Clerk

**EXHIBIT
1**

<u>RETURN OF PROCESS SERVER</u>

STATE OF MISSISSIPPI

COUNTY OF_____

(   )   I personally delivered copies of the summons on the _____ day of _____, 2010,

to:_____

_____

(   )   After exercising reasonable diligence I was unable to deliver copies of the summons to

_____ within _____ County, _____, I

served the summons on the _____ day of _____, 20_____, at the usual

place of abode of said _____ by leaving a true copy of the summons

with _____, who is the _____ (here

insert wife, husband, son, daughter or other person as the case may be), a member of the family

of the person served, above the age of sixteen years and, unwilling to receive the summons, and

thereafter on the _____ day of _____, 20_____, I mailed (by first class mail,

postage prepaid) copies to the person served at his or her usual place of abode where the copies

were left.

(   )   I was unable to serve the summons.

This the ____ day of _____, 2010

_____
PROCESS SERVER

RETURN TO:
Louis H. Watson, Jr.
LOUIS H. WATSON, JR., P.A.
628 North State Street
Jackson, MS  39202-3303

The above-signed _____ did personally appear before me on the _____ day of

_____, 2010, and after being duly sworn, affirmed that the above information is true and correct.

THIS the _____ day of _____, 2010.

_____
NOTARY PUBLIC

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

DR. GLORIA DANSBY-GILES                                          PLAINTIFF

VS.                                                     NO. 251-09-966 CIV

JACKSON STATE UNIVERSITY; DR. RONICA
ARNOLD, IN HER OFFICIAL AND INDIVIDUAL
CAPACITY; DR. JEAN FARISH,  IN HER OFFICIAL
AND INDIVIDUAL CAPACITY; DR. VEVELYN
FOSTER, IN HER OFFICIAL AND INDIVIDUAL
CAPACITY; DR. RANNIE LEWIS, IN HIS OFFICIAL
AND INDIVIDUAL CAPACITY; DR. REGINA FULTS
MCMURTY, IN HER OFFICIAL AND INDIVIDUAL
CAPACITY; DR. DION PORTER, IN HIS OFFICIAL
AND INDIVIDUAL CAPACITY; DR. NANOLLA
YAZDANI, IN HIS OFFICIAL AND INDIVIDUAL
CAPACITY; AND DR. DANIEL WATKINS,
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY               DEFENDANTS



## FIRST AMENDED COMPLAINT

### JURY TRIAL DEMANDED

**COMES NOW,** Plaintiff Dr. Gloria Dansby-Giles, and files this her Complaint against the
Defendants.  Plaintiff is seeking declaratory and injunctive relief, compensatory damages, punitive
damages, costs, and attorney fees. and alleges as follows:

### PARTIES

1.      The Plaintiff, Dr. Gloria Dansby-Giles, is an adult resident citizen of Madison County,
Mississippi who resides at:  150 Bridgewater Drive, Madison, Mississippi  39110.

2.      The Defendant, Jackson State University, is Plaintiff's current employer and is a
Mississippi state agency qualified to do business in Mississippi with a principal place of business at
1400 Lynch Street, Jackson, Mississippi 39217.  Defendant may be served with process through the

Mississippi Attorney General's Office: Honorable Jim Hood, Mississippi Attorney General, 450 High Street, Jackson, Mississippi 39201.

3.     The Defendant Ronica Arnold is an adult female resident citizen of Madison County, Mississippi, and may be served with process at: 340 Arbor Drive, Apartment 1361, Ridgeland, MS 39157, or at her place of business.

4.     The Defendant Jean Farish is an adult female resident citizen of Hinds County, Mississippi, and may be served with process at: 1526 Brecon Drive, Jackson, MS 39211, or at her place of business.

5.     The Defendant Velvelyn Foster is an adult female resident citizen of Madison County, Mississippi, and may be served with process at: 126 Brittany Way, Madison, MS 39110, or at her place of business.

6.     The Defendant Rannie Lewis is an adult male resident citizen of Hinds County, Mississippi, and may be served with process at: 606 Waverly Drive, Jackson, MS 39206, or at his place of business.

7.     The Defendant Regina Fults McMurtery is an adult female resident citizen of Hinds County, Mississippi, and may be served with process at: 230 Pearlie Owens Drive, Jackson, MS 39212, or at her place of business.

8.     The Defendant Dion Porter is an adult male resident citizen of Hinds County, Mississippi, and may be served with process at: 4356 Redwood Circle, Jackson, MS 39212, or at his place of business.

9.     The Defendant Nanolla Yazdani is an adult male resident citizen of Hinds County, Mississippi, and may be served with process at: 635 Springlake Circle, Terry, MS 39170, or at his

place of business.

10.     The Defendant Daniel Watkins is an adult male resident citizen of Hinds County, Mississippi, and may be served with process at: 4977 Oak Creek Drive, Jackson, MS 39212, or at his place of business.

## JURISDICTION AND VENUE

11.     This Court has personal jurisdiction over the parties to this Complaint.

12.     This Court has subject matter jurisdiction over the claims contained herein.

13.     Venue is proper in this Court.

14.     Plaintiff timely filed a Charge of Discrimination with the EEOC asserting claims of sex, age and disability discrimination as well as retaliation, a copy of which is attached as Exhibit "A." Plaintiff has timely filed this Complaint within 90 days of her receipt of Notice of Right to Sue, a copy of which is attached as Exhibit "B."

## STATEMENT OF FACTS

15.     Plaintiff is currently employed by Defendant, Jackson State University (hereinafter "JSU"), as a professor and counselor in its College of Education and Human Development.  Plaintiff has been employed with Defendant since 1991.

16.     In Plaintiff's April 30, 2009 EEOC Charge of Discrimination, Plaintiff sets forth her claims of sex discrimination, age discrimination, disability discrimination and retaliation.  Plaintiff makes reference to a written grievance filed against her by several faculty members.  A copy of that grievance is attached as Exhibit "C."

17.     Specifically, on April 21, 2008, members of the faculty within the Department of School, Community and Rehabilitation Counseling (SCRC) filed a written grievance against Plaintiff

making false and defamatory statements regarding Plaintiff.  Plaintiff did not learn of this document until January of 2009.

18.     According to the April 21, 2008 document, Defendant has bestowed upon Dr. Arnold, Dr. Lewis, Dr. Fults-McMurtery, Dr. Porter and Dr. Yazdani a coordinator's position on a permanent basis without allowing Plaintiff an equal opportunity to apply for those positions.

19.     The *JSU Faculty Personnel Policies and Procedures, July 1, 2002* (p. 119) states that a *"Grievance is defined as the claim of a faculty member that there has been a violation, misinterpretation or misapplication of rule, policy or procedure in relation to personnel policies including working hours, working conditions, leaves, and other conditions of employment"*.

20.     The *JSU Faculty Personnel Policies and Procedures, July 1, 2002* (p. 50) lists several examples of basis for a grievance including "discrimination, decision regarding salary, problems affecting employee morale and efficiency, allegations of unfair treatment and unsafe physical environment".

21.     In the April 21, 2008 document, Dr. Arnold, Dr. Lewis, Dr. Fults-McMurtery, Dr. Porter and Dr. Yazdani retaliate against Plaintiff by making false and defamatory comments about Plaintiff pertaining to previous grievances filed by Plaintiff asserting her rights to be free from discrimination and to be reasonably accommodated due to her disabilities.

22.     As a part of Defendant's Grievance Process, matters such as employee grievances and hearings are considered confidential and private personnel issues.

23.     Defendant has violated the spirit of its own policies by providing information pertaining to Plaintiff's past grievances to individual faculty members in the SCRC Department not involved in the grievance process.

24.    Defendant's grievance proceedings related and secondary to filing EEOC charges, testifying, or participating in any way in an investigation, proceeding, litigation and legal complaints filed secondary to receiving an EEOC "right to sue" are "protected activities."

25.    In the past, Plaintiff has raised serious issues of concern with Defendant pertaining to the stated and published credentials and accomplishments of Dr. Rannie Lewis, Dr. Jean Farish-Jackson, Dr. Dion Porter and Dr. Nanolia Yazdani who are faculty members in the SCRC Department.

26.    In the April 21, 2008 document, Dr. Arnold, Dr. Lewis, Dr. Fults-McMurtery, Dr. Porter and Dr. Yazdani specifically refer to accommodations requested by Plaintiff pursuant to the ADA and the Rehabilitation Act.

27.    At no time has Plaintiff ever disclosed to any faculty member of Defendant and particularly to any faculty members in the SCRC Department that Plaintiff requested work accommodations under the Americans with Disabilities Act, as amended, or the Rehabilitation Act as amended.

28.    The ADA strictly prohibits the disclosure of medical information regarding employees, and in fact, requires that medical information be kept separately from an employee's personnel file.

29.    In the April 21, 2008 document, Dr. Arnold, Dr. Lewis, Dr. Fults-McMurtery, Dr. Porter and Dr. Yazdani assert nebulous and vague claims against Plaintiff without providing verifiable evidence.

30.    Specifically, Dr. Arnold, Dr. Lewis, Dr. Fults-McMurtery, Dr. Porter and Dr. Yazdani make baseless and meritless statements regarding Plaintiff's attendance at departmental faculty meetings.

31.    In the last paragraph and last sentence of the April 21, 2008 document Dr. Arnold, Dr.

Lewis, Dr. Fults-McMurtery, Dr. Porter and Dr. Yazdani wrote that "This is an attempt to resolve this issue prior to taking personal legal action as a means of protection from the above named parties constant legal attacks."

32.    Plaintiff perceived this "threat" of legal action as an attempt to prevent her from opposing discriminatory practices, or from participating in employment discrimination proceedings.

33.    Clearly, Defendant has failed to try to address any of the issues identified in the April 21, 2008 document given that Plaintiff only became aware of the document in January of 2009.

34.    Moreover, by availing herself of Defendant's internal employer grievance proceedings, Plaintiff has clearly engaged in protected activity for which she was unlawfully retaliated against.

35.    Additionally, Plaintiff completed an Intake Application for work accommodations, which are an employee benefit, with Mr. Vinson Ballard, Defendant's ADA Coordinator with supporting medical documentation for the summer semester 2008, fall semester 2008 and the spring semester 2009.

36.    The documentation included a Work Station Evaluation from the St. Dominics Hospital Hand Management Center dated June 6, 2007, an Independent Medical Evaluation from Dr. Howard Katz dated March 4, 2008 and a Vocational Rehabilitation Evaluation dated April 3, 2008 from Mr. Bruce Brawner, M.Ed., CRC, CCM.

37.    No written response was ever received from Mr. Ballard and Defendant has not made a claim of undue hardship.

38.    After faxing the completed Intake Application for work accommodations to Mr. Vinson Ballard, Defendant's ADA Coordinator on January 5, 2009 with the notation that the supporting medical documents of the Work Station Evaluation, the Independent Medical Evaluation and the

Vocational Rehabilitation Evaluation would be submitted by mail, the ADA Coordinator's Office did not pick up the documents sent by U.S. Post Office Certified Mail until February 11, 2009.

39.     Plaintiff submitted supporting medical documentation of the Work Station Evaluation, the Independent Medical Evaluation and the Vocational Rehabilitation Evaluation with the completed Intake Applications for work accommodations for the spring semester 2008, summer semester 2008 and the fall semester 2008.

40.     The completed Intake Application and the supporting medical documents were again sent to Mr. Vinson Ballard on February 10, 2009 by a courier.   To date no written response has been received from Mr. Ballard and Defendant has not made a claim of undue hardship.

41.     After failing to  receive a response from Mr. Vinson Ballard, Defendant's ADA Coordinator to the completed Intake Application with the supporting medical documentation (Work Station Evaluation, Independent Medical Evaluation and Vocational Rehabilitation Evaluation), Plaintiff faxed a letter to Dr. Ronald Mason, Jr., President of Jackson State University on January 30, 2009.

42.     The fax was followed by a letter to Dr. Ronald Mason containing the completed Intake Application with supporting medical documents which were sent by certified mail on February 3, 2009. Documents were also sent by courier on February 9, 2009 containing the completed Intake Application. Documents from the US Post Office indicating that Mr. Vinson Ballard's office  had apparently not picked up the completed Intake Application for the spring semester 2009 and  the supporting documentation of the Work Station Evaluation, the Independent Medical Evaluation and the Vocational Rehabilitation Evaluation.

43.     USPS documents show that the completed Intake Application with supporting medical

documents were only picked up on February 10, 2009, thus causing Plaintiff to incur additional costs in order for her to effectively submit her request for work accommodations from Defendant.

44.     On March 3, 2009, Plaintiff received a letter from Defendant's counsel requesting that Plaintiff contact her attorney who in turn would contact Defendant's counsel with regard to work accommodations.

45.     Based upon Defendant's counsel's letter of March 2, 2009, Defendant requested that Plaintiff contact her attorney with regard to requests for job accommodations from Defendant. Defendant's requirement of that procedure only served to further frustrate the process and caused Plaintiff to incur additional legal fees.

46.     No other faculty or staff members of Defendant are required to request work accommodations through an attorney.

47.     This requirement by Defendant is a further act of unlawful discrimination and retaliation against Plaintiff.

48.     Additionally, Defendant has erected additional barriers for Plaintiff to overcome in order to apply for work accommodations from Defendant.

49.     To date, Plaintiff has not received a written response from Mr. Ballard, Defendant's ADA Coordinator.

50.     Plaintiff has been retaliated against after filing the completed Intake Application with supporting medical documents for the spring semester 2008, summer semester 2008 and the fall semester 2008 as set forth in her grievance filed with Defendant, a copy of which is attached as Exhibit "D," and her EEOC Charge of Discrimination. See Exhibit "A" at pp 10-11.

**COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED, AND THE REHABILITATION ACT OF 1973, AS AMENDED.**

51.     Plaintiff re-alleges and incorporates herein by reference the above and foregoing paragraphs 1 through 50.

52.     Defendant has intentionally discriminated against Plaintiff because of her disability and/or perceived disability as set forth under the Americans with Disabilities Act and has repeatedly refused her requests for reasonable accommodation.

53.     Defendant has further violated the law by its consistent and repeated refusal to provide the Plaintiff with the reasonable and feasible accommodations she has requested.

54.     As a direct and proximate result of Defendant's unlawful discriminatory conduct toward Plaintiff, she has lost wages and benefits and has sustained other pecuniary loss.

55.     Defendant's retaliatory practices, insults, contempt, and disdain have been demeaning to Plaintiff and have caused her to suffer deep pain, humiliation, anxiety, and emotional distress.

56.     The unlawful actions of Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory and common law rights of Plaintiff.

57.     Defendant has also failed to provide Plaintiff with a grievance hearing during the fall semester of 2009 as required in the JSU Policies and Procedures Manual even though Plaintiff followed JSU policies in requesting such a hearing pertaining to the alleged discriminatory and retaliatory practices as outlined in this complaint and the attachments hereto.

58.     Defendant has retaliated against Plaintiff after the she filed the completed JSU's Intake Application with supporting medical documents for the spring semester 2008, summer semester 2008 and the fall semester 2008 as detailed in Plaintiff's EEOC Charge which is attached as Exhibit "A" at

p. 10-11.

**COUNT II -  VIOLATION OF TITLES VI & VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, AND THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AS AMENDED.**

59.     Plaintiff re-alleges and incorporates herein by reference the above and foregoing paragraphs 1 through 58.

60.     Defendant has intentionally discriminated against Plaintiff because of her sex and age.

61.     As a direct and proximate result of Defendant's unlawful discriminatory conduct toward Plaintiff, she has lost wages and benefits and has sustained other pecuniary loss.

62.     Defendant's retaliatory practices, insults, contempt, and disdain have been demeaning to Plaintiff and have caused her to suffer deep pain, humiliation, anxiety, and emotional distress.

63.     The unlawful actions of Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory and common law rights of Plaintiff.

**COUNT III - RETALIATION**

64.     Plaintiff re-alleges and incorporates herein by reference the above and foregoing paragraphs 1 through 63.

65.     Defendant has unlawfully retaliated against Plaintiff after she engaged in protected activity.

66.     This retaliation violates the provisions of ADA, as amended, the Rehabilitation Act, as amended, Titles VI & VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967, as amended.

**COUNT IV - PUNITIVE DAMAGES**

67.     Plaintiff re-alleges and incorporates herein by reference the above and foregoing

paragraphs 1 through 66.

68.     Plaintiff is entitled to punitive damages against each Defendant as a result of Defendant's intentional acts and as a result of their extreme and outrageous conduct.  Alternatively, Plaintiff is entitled to punitive damages because Defendant's unlawful acts against Plaintiff were committed maliciously and/or in reckless disregard of Plaintiff's rights.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Court cause service to issue in the cause upon the Defendant and that this matter be set for trial.  Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1.     A declaration that Plaintiff is a disabled person under the ADA and Rehabilitation Act and is entitled to all protections and accommodations associated with that status and her work station should be made fully ADA and Rehabilitation Act compliant immediately;

2.     An injunction barring Defendant and its agents from assigning Plaintiff to any work station that is not fully ADA and Rehabilitation Act compliant at any point in the future;

3.     Compensatory damages against Defendant in an amount to be determined by the jury;

4.     Punitive damages against Defendant in an amount to be determined by the jury;

5.     All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorney's fees allowed under actions brought pursuant Federal law; and

6.     Such further relief as is deemed just and proper.

THIS the 16th day of March, 2010.

Respectfully submitted,

By: _____
LOUIS H. WATSON, JR. (MB# 9053)
NICK NORRIS (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

LOUIS H. WATSON, JR., P.A.
628 North State Street
Jackson, Mississippi 39202-3303
(601) 968-0000 Telephone
(601) 968-0010 Facsimile

Page 12 of 12