UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


DR. GLORIA DANSBY-GILES                                    PLAINTIFF


VS.                                CIVIL ACTION NO. 3:10CV214TSL-FKB


JACKSON STATE UNIVERSITY, DR.
RONICA ARNOLD, IN HER OFFICIAL AND
INDIVIDUAL CAPACITY; DR. JEAN
FARISH, IN HER OFFICIAL AND
INDIVIDUAL CAPACITY; DR. VELVELYN
FOSTER, IN HER OFFICIAL AND
INDIVIDUAL CAPACITY; DR. RANNIE
LEWIS, IN HER OFFICIAL AND
INDIVIDUAL CAPACITY, DR. REGINA FULTS
MCMURTERY, IN HER OFFICIAL AND
INDIVIDUAL CAPACITY; DR. DION PIORTER,
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY;
DR. NANOLLA YAZDANI, IN HIS OFFICIAL AND
INDIVIDUAL CAPACITY; DR. DANIEL WATKINS,
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY        DEFENDANTS


MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant

Jackson State University (JSU) to dismiss, or alternatively, for

summary judgment.  Plaintiff Dr. Gloria Dansby-Giles has responded

to the motion and the court, having considered the memoranda of

authorities, together with attachments, submitted by the parties,

concludes the motion should be granted in part and denied in part,

as set forth below.

Plaintiff Gloria Dansby-Giles commenced this lawsuit against

JSU on November 19, 2009, asserting claims for sex discrimination

under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d;

for sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; for age discrimination under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.*; for disability discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.,* and the Rehabilitation Act of 1973, 29 U.S.C. § 794(a); and for slander/defamation under state law.[1]  Previously in this cause, in response to defendants' first motion to dismiss, or alternatively, for summary judgment, plaintiff confessed many of her claims, including her ADEA and ADA claims against JSU and the individually-named defendants in their official capacities,[2] all her federal claims against the individual defendants in their individual capacities, her state law claim for slander/ defamation and her claim for punitive damages.  In addition, the court dismissed plaintiff's putative Title VI gender discrimination claim for failure to state a claim upon which relief could be granted.  However, on that first motion, the court declined to consider JSU's argument that plaintiff's Rehabilitation Act claim

---

[1]    Plaintiff filed her complaint in state court, but the case was promptly removed by defendants.

[2]    Although plaintiff agreed that her claim under the ADEA was due to be dismissed on Eleventh Amendment immunity grounds, she asked that she be granted leave to file a claim under the Age Discrimination Act of 1975, 42 U.S.C. § 6101 *et seq.,* as to which claim JSU would have no immunity.  Although the court granted her leave to amend to file such claim, plaintiff did not include this claim in her subsequently-filed amended complaint.

was barred by res judicata and/or collateral estoppel since JSU did not assert that argument until its rebuttal.[3]  The court also denied JSU's motion to dismiss plaintiff's Title VII sex discrimination claim as time-barred, for two reasons.  First, JSU failed to show that plaintiff knew or had reason to know of the basis of the claim until January 2009, which was within 180 days of the date on which she filed her EEOC charge; and second, plaintiff contended the challenged employment decision was in any event a compensation decision, so that her EEOC charge and this lawsuit were timely under the Lilly Ledbetter Fair Pay Act, which contention JSU failed to address.

Following issuance of the court's opinion, plaintiff filed her amended complaint, after which JSU filed its second, and presently-pending motion to dismiss or, alternatively, for summary judgment.  In this motion, JSU again argues, among other things, that plaintiff's claims for disability discrimination and retaliation under the Rehabilitation Act are barred by res judicata and/or collateral estoppel and/or are time-barred.  The court considers these arguments below.

---

[3]     Defendants had also moved to dismiss the Rehabilitation Act claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In response, plaintiff requested, and was granted leave to amend to address alleged shortcomings of her complaint with respect to this claim that had been identified in defendants' motion.

Since 1991, plaintiff Dansby-Giles has been employed by JSU and is currently a tenured professor and counselor in JSU's College of Education and Human Development.  This is the third lawsuit she has filed alleging that JSU failed to accommodate her known disability and retaliated against her for seeking such accommodation.  In her first suit, filed in state court in June 2007 and timely removed to this court, plaintiff alleged that as a result of a number of health conditions that had arisen during 2003 and 2004 (and more specifically, a condition with her hands and wrists, and a foot condition which prevented her from climbing stairs), she was a qualified person with a disability under the ADA, and yet despite having so informed JSU and having requested work accommodations (including, among other things, moving her classroom and office to the first floor), JSU failed to provide the requested work accommodations, and further, retaliated against her for requesting accommodations.  The retaliation, she alleged, included the failure to provide the requested work accommodations, which prevented her from participating in faculty search committee activities, which in turn prevented her from earning points on faculty evaluations that were used for consideration of future merit increases and post-tenure review for continued employment. In addition, plaintiff alleged that JSU, in retaliation for her requesting accommodations, denied her the opportunity to participate in various banquets, meetings and programs, which also

4

prevented her from earning points on her faculty evaluations; that it withheld documents and information pertinent to the application for merit pay increases; that it denied her the opportunity to apply for or be considered for Coordinator of the Community Counseling Program and Director of the Counseling Laboratory within the SCRC, denied her the opportunity to teach a course or courses for additional compensation, denied her the opportunity to chair and/or serve on a departmental committee, denied her the opportunity to participate in faculty meetings in an accessible location, failed to provide her with office supplies, and denied her the opportunity for a work station evaluation.[4]

On June 6, 2008, while her first lawsuit was still pending, plaintiff filed in this court a second lawsuit against JSU, again complaining that although she had informed JSU and provided documentation substantiating her claim that she is a qualified person with a disability under the ADA, JSU had failed and refused to provide her reasonable and feasible accommodation for her known disability and retaliated against her for her ADA claim by denying her the opportunity to teach three courses for additional compensation in the summer semester of 2007. In that action, plaintiff alleged that upon informing JSU of her disability and requesting accommodation, JSU resisted her request for

---

[4] Plaintiff had also alleged a number of state law claims in that lawsuit, but conceded those claims in response to the defendants' motion.

accommodation, but after "a very long battle," eventually assigned her a classroom and office on the first floor.  She alleged, though, that she required a further accommodation by way of modification of her work station, as set forth in a June 2007 work station evaluation prepared by an occupational therapist and provided by plaintiff to JSU; and yet notwithstanding that the requested changes were reasonable and economically feasible, JSU had refused to make the requested modifications.  On motion of JSU, plaintiff's second suit was dismissed on the basis of Eleventh Amendment immunity by memorandum opinion and order dated June 9, 2009.  See Dansby-Giles v. Jackson State Univ., 638 F. Supp. 2d 698, 703 (S.D. Miss. 2009) (granting JSU's motion to dismiss plaintiff's ADA claims based on JSU's Eleventh Amendment immunity after rejecting plaintiff's assertion that JSU waived its Eleventh Amendment immunity by its participation in the case). Thereafter, by memorandum opinion and order dated February 28, 2010, plaintiff's first lawsuit was dismissed, also on the basis of Eleventh Amendment immunity.  See Dansby-Giles v. Jackson State Univ., Civil Action Nos. 3:07-CV-452 HTW-LRA, 3:07-CV-597 HTW-LRA, 2010 WL 780531 2010 WL 780531, 5 (S.D. Miss. Feb. 28, 2010) ("This court therefore concludes that plaintiffs' federal claims, all arising under Title I of the ADA, are barred by Mississippi's Eleventh Amendment immunity.").

6

In her complaint in the present action, as in her prior lawsuits, plaintiff alleges that JSU has intentionally discriminated against her because of her disability and/or perceived disability and has repeatedly refused her requests for reasonable accommodation.  Plaintiff alleges she has had problems with her hands and wrists since April 2004 and with her feet since September 2004, and that she has continuously suffered from the impairments causing her disability since at least the summer of 2005.  She alleges that notwithstanding that she has completed the necessary forms requesting work accommodations and provided supporting documentation in each semester from the summer 2007 through the summer semester of 2009, JSU has failed to provide the accommodations she has requested.  She acknowledges that she has been provided a first floor classroom and office, but apparently still alleges that JSU has failed to make the modifications described in the June 2007 work station evaluation which she contends are needed to accommodate her disability.

Res judicata, or claim preclusion, "forecloses relitigation of claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication." Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 312–13 (5th Cir. 2004).  The party seeking preclusion must establish four elements: "(1) the parties in both the prior suit and current suit must be identical; (2) a court of competent jurisdiction must have

rendered the prior judgment; (3) the prior judgment must have been final and on the merits; and (4) the plaintiff must raise the same cause of action in both suits." Id. at 313 (citation omitted).

In the court's opinion, JSU's reliance on res judicata as a basis for dismissal of plaintiff's claims herein is not well-founded. JSU asserts that each of these four criteria for res judicata is satisfied with respect to plaintiff's claims for disability discrimination and retaliation in the present action. For her part, plaintiff challenges only JSU's position with respect to the fourth criterion; and as to that requirement, the parties vigorously dispute whether plaintiff's claims herein under the Rehabilitation Act involve the same claims or causes of action as in the prior suits under the applicable transactional test applied in the Fifth Circuit.[5]  In the court's opinion, however, it matters not whether the claims in these suits are the same for this reason:  Since the sole basis of both prior dismissals was Eleventh Amendment immunity, neither was a dismissal on the merits, a requirement for barring any claim on res judicata grounds.  As the Fifth Circuit has repeatedly held, a dismissal

---

[5]     The transactional test considers whether the two suits involve "the same nucleus of operative facts." Sapp v. Memorial Hermann Healthcare Sys., No. 10-20340, 2010 WL 5395679, 3-4 (5th Cir. Dec. 29, 2010).  "This inquiry focuses upon 'whether the facts are related in time, space, origin, or motivation; whether they form a convenient trial unit; and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" Id. at 4 (quoting Oreck Direct, L.L.C. v. Dyson, Inc., 560 F.3d 398, 401 (5th Cir. 2009).

based on the Eleventh Amendment is a dismissal on jurisdictional grounds and, thus, is not a dismissal "on the merits" for purposes of res judicata.  See Oreck Direct, LLC v. Dyson, Inc., 560 F.3d 398, 401 (5th Cir. 2009) (quoting Miller v. Nationwide Life Ins. Co., No. 06-31178, 2008 WL 3086783, at *5 (5th Cir. Aug. 6, 2008)); Darlak v. Bobear, 814 F.2d 1055, 1064 (5th Cir. 1987) (holding that a dismissal under the Eleventh Amendment is not "on the merits" for res judicata purposes); see also Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 188 (5th Cir. 1986) (holding that district court's ruling that suit against State of Louisiana was barred by Eleventh Amendment was not a dismissal on the merits, and observing that "[a] dismissal for want of jurisdiction bars access to federal courts and is res judicata only of the lack of a federal court's power to act.  It is otherwise without prejudice to the plaintiff's claims, and the rejected suitor may reassert his claim in any competent court. ... A decision issued by a court without jurisdiction over the subject matter is not conclusive of the merits of the claim asserted.").

JSU's assertion of collateral estoppel as an alternative basis for dismissal is likewise without merit.  The collateral estoppel rule "provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, in a second action between the parties to the suit and their privies, the prior judgment operates as an estoppel as to

'matters which were actually litigated and determined in the first proceeding.'" _V & S Ice Mach. Co. v. Eastex Poultry Co._, 437 F.2d 422, 425-426 (5th Cir. 1971) (quoting _Commissioner of Internal Revenue v. Sunnen_, 333 U.S. 591, 597-598, 68 S. Ct. 715, 719, 92 L. Ed. 898 (1948)); _see also_ _Matter of Gober_, 100 F.3d 1195, 1201 (5th Cir. 1996) ("For a prior judgment to have preclusive effect as to a particular issue, the doctrine of collateral estoppel requires that: (1) the issue at stake be identical to the one involved in the prior litigation; (2) that the issue has been actually litigated in the prior litigation; and (3) that the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in that earlier action."). There was no final judgment on the merits, as the only issue "actually litigated" in the earlier actions was the issue of JSU's entitlement to Eleventh Amendment immunity as to plaintiff's claims under the ADA for disability discrimination and retaliation.

JSU argues, in the alternative, that plaintiff's claim for disability discrimination under the Rehabilitation Act is barred by the statute of limitations. Relative to this defense, JSU notes that since there is no federal statute of limitation for claims under the Rehabilitation Act, the court must borrow from the state's general personal injury limitations period for such claims, which in Mississippi is three years. _See_ _Hickey v. Irving_

10

Independent School Dist., 976 F.2d 980, 983 (5ᵗʰ Cir. 1992)
(finding personal injury claims to be most nearly analogous to
claim for disability discrimination under Rehabilitation Act and
thus borrowing state statute of limitations governing personal
injury claims); Miss. Code Ann. § 15-1-49 (establishing three-year
limitations period).  Under federal law, this limitations period
begins to run when a "reasonable person knows, or in the exercise
of due diligence should have known, both his injury and the cause
of that injury."  Bishop v. Children's Center for Developmental
Enrichment, 618 F.3d 533, 536-537 (6ᵗʰ Cir. 2010) (quoting Campbell
v. Grand Trunk W. R.R. Co., 238 F.3d 772, 775 (6th Cir. 2001)).[6]
Defendant asserts that since plaintiff's complaint in this cause
was filed on November 19, 2009, then any claims that arose before
November 19, 2006 are time-barred.  It notes that plaintiff began
requesting accommodation for her claimed disability commencing the
spring semester of 2005, and asserts that plaintiff suffered
injury as soon as she learned she did not receive a requested
accommodation.  JSU concludes that any claim for accommodations
she sought and which JSU failed to provide prior to November 19,
2006 is barred by the statute of limitations.

---

[6]    Although the statutes of limitation for the
Rehabilitation Act is borrowed from state law, the action accrues
and the statutory period begins to run according to federal law.
See Wallace v. Kato, 549 U.S. 384, 388, 127 S. Ct. 1091, 166 L.
Ed. 2d 973 (2007).

Plaintiff evidently does not dispute this, but she maintains that during the three years preceding the filing of her complaint herein, she requested and was denied accommodations, including modification of her first-floor work space, and she contends, therefore, that she has asserted a timely claim under the Rehabilitation Act.  In the court's opinion, to the extent plaintiff may be asserting a claim based on accommodations denied by JSU prior to November 19, 2006 (and it is not apparent she has undertaken to assert any such claim), such claim is time-barred. Claims based on accommodations denied during the three years preceding the lawsuit are not time-barred.[7]

JSU also argues that plaintiff's claim of retaliation under the Rehabilitation Act is barred by the statute of limitations. In her complaint, plaintiff has identified two incidences of

---

[7]      The court notes that in her response to the present motion, plaintiff explains that in September 2009, her treating physician recommended that she not walk more than 200 feet and that she use a wheelchair or motorized scooter to cover distances greater than 200 feet.  Since her classroom and office are more than 200 feet from the parking lot, she necessarily requires a wheelchair or scooter for work purposes.  Moreover, she claims that during the 2010 fall semester, the elevators in the College of Education and Human Development Building where she works were not operational, and that as a result, she was prevented from attending certain meetings that were held on the upper floors of the building.  She argues that JSU's holding these meetings in inaccessible locations are additional instances of its failure to accommodate her disability.  However, her second amended complaint, filed September 7, 2010, contains no mention of these matters.  Nevertheless, plaintiff has alleged in her complaint that the failure to accommodate her disability by making requested modifications to her work space occurred during and after 2007, within the limitations period.

12

alleged retaliation.  Her principal allegation of retaliation relates to an April 21, 2008 grievance filed with JSU by several faculty members in her department.  The basis for JSU's contending the claim for retaliation relating to this grievance is time-barred is not apparent.  The grievance was filed in April 2008, well within the three years preceding plaintiff's complaint in this cause.  However, the claim is due to be dismissed for another reason.

In the grievance cited by plaintiff as a basis for her retaliation claim, plaintiff's coworkers accused plaintiff and her husband, also employed by JSU, of "1) Creating a Hostile Working Environment and 2) Indirect Harassment in the Workplace," and more specifically accused them of consistently filing frivolous grievances against other faculty members pertaining to, inter alia, the choosing of Coordinators within the Department, the Search Committee process within the Department, the awards distribution and election by the Department; inconsistently participating in, and arriving late for departmental meetings; isolating themselves from departmental functions and not promoting collegiality; dictating where departmental meetings and student interviews should be held "based on the accommodation of only one faculty member;" not being factual with JSU Administration relating to certain matters; and using departmental students to encourage disharmony and confusion among departmental faculty.

They characterized their grievance as "an attempt to resolve this issue prior to taking personal legal action [against plaintiff and her husband] as a means of protection from the above named parties [sic] constant legal attacks."

Plaintiff alleges that this grievance "make[s] baseless and meritless statements regarding [her]" without providing verifiable evidence, and she asserts that the grievance document "retaliates against [her] by making false and defamatory comments about [her] pertaining to previous grievances filed by [her] asserting her rights to be free from discrimination and reasonably accommodated due to her disabilities."  And, she alleges that she "perceived this 'threat' of legal action as an attempt to prevent her from opposing discriminatory practices, or from participating in employment discrimination proceedings."  In the court's opinion, JSU is correct in arguing that this grievance document cannot form the basis of a legitimate claim of retaliation, given that it was filed by, and the alleged false accusations therein were made by plaintiff's coworkers, and not by JSU.  Indeed, as plaintiff herself acknowledges, JSU did not take any action against plaintiff in relation to the grievance, and in fact, it did not even inform plaintiff that the grievance had been filed.[8]

---

[8]     Plaintiff suggests that since the grievance refers to accommodations she had requested (i.e., by alleging that plaintiff has dictated where departmental meetings and student interviews should be held), and since she never disclosed to her fellow faculty members that she had requested work accommodations under

Plaintiff's claim for retaliation based on the grievance will, therefore, be dismissed.

Plaintiff has also alleged that defendant's failure to allow her to apply for a coordinator position within her department was in retaliation for her complaining of disability discrimination. JSU contends this claim is time-barred; yet again, the basis for this argument is not clear.  JSU argues that the statute of limitations would have begun to run on the date other individuals assumed coordinator positions or were otherwise selected for such positions, but it has offered no evidence as to what that date may have been.  It suggests, alternatively, that the limitations period may have begun to run when plaintiff actually learned that other faculty members had been selected for coordinator positions. It then argues that plaintiff "knew this information in 2007 and 2008 or even in 2006," but has offered no evidence that plaintiff, in fact, knew or had reason to know prior to November 19, 2006

---

the Rehabilitation Act, then JSU "violated the spirit of its own policies by providing information pertaining to Plaintiff's past grievances to individual faculty members in the SCRC Department," and she insinuates that JSU must also have disclosed her personal medical information, in violation of the Rehabilitation Act. However, there is nothing in the grievance to indicate that plaintiff's coworkers had been privy to her medical records. Moreover, the subject grievance was filed in April 2008, nearly a year after she had filed suit against JSU alleging it had violated the ADA by holding meetings at inaccessible locations.  At the time the grievance was filed, this was a matter of public record, and it is manifest that plaintiff's allegation that JSU must have provided her coworkers with this information is simply speculation.

that coordinator positions had become open and filled by other faculty members.  As defendant has failed to present evidence tending to show when plaintiff's claim for retaliation relating to the coordinator position accrued, its motion to dismiss that claim must be denied.[9]

Plaintiff's claim for sex discrimination under Title VII is based on her allegation that she was denied the opportunity to apply for a coordinator's position on account of her gender.  In its first motion to dismiss, JSU sought dismissal of plaintiff's Title VII sex discrimination claim on the basis that it was not timely filed.  In response to the motion, plaintiff asserted that she first learned of this claim when, in January 2009, while reviewing documents that JSU had produced to her in discovery in an earlier case she had brought against JSU, she ran across the April 21, 2008 grievance that had been filed with JSU by certain of her coworkers, and from her review of the grievance, she learned that two male coworkers had been given permanent coordinator positions.  On April 30, 2009, plaintiff filed a charge of discrimination with the EEOC, asserting, among other complaints, that JSU's failure to offer her a coordinator position was on account of her gender.

---

[9]    JSU has identified no other basis for dismissal of this claim.

16

The court denied JSU's motion to dismiss on limitations grounds, stating:

> Plaintiff asserts by her affidavit that she did not learn of [the grievance document] until January 2009, and JSU has not shown that she knew or reasonably should have known of the document (or the claim based thereon) prior to that date. <u>Mayes v. Office Depot, Inc.</u>, 292 F. Supp. 2d 878, 888 (W.D. La. 2003) ("The time to file a claim of discrimination with the EEOC, 'begins to run from the time the complainant knows or reasonably should have known that the challenged act has occurred.'"). Furthermore, JSU does not address the substance of plaintiff's contention that her claim is timely under the Lilly Ledbetter Fair Pay Act.  It offers [no] substantive argument with respect to the issue, and certainly has not suggested why the claim would not be timely under the Fair Pay Act.  <u>Cf</u>. <u>Gentry v. Jackson State Univ.</u>, 610 F. Supp. 2d 564, 566 (S.D. Miss. 2009) (denial of tenure, which the plaintiff contended negatively affected her compensation, qualified as "compensation decision" or "other practice" affecting compensation within Lilly Ledbetter Fair Pay Act of 2009).  Accordingly, the court is unable to dismiss plaintiff's Title VII claim at this time on the basis urged by JSU.

<u>Dansby-Giles v. Jackson State Univ.</u>, 3:10CV214TSL-FKB, slip op. At 10-11 (S.D. Miss. Aug. 27, 2010).  In its present motion, JSU again argues that plaintiff failed to timely file a charge of gender discrimination with the EEOC, but in contrast to its earlier motion, it has presented evidence showing that plaintiff not only had reason to know, but that she in fact knew well over 180 days before filing her EEOC charge that at least one male faculty member had been given a coordinator position.  However, plaintiff has alleged that coordinators received an increase in salary by virtue of being named coordinators, and that JSU's

17

decision to deny her the opportunity to hold a coordinator position was a compensation decision within the meaning of the Lilly Ledbetter Fair Pay Act. Once again, however, JSU has offered "[no] substantive argument with respect to the issue, and certainly has not suggested why the claim would not be timely under the Fair Pay Act." Id.[10]

JSU argues, alternatively, that plaintiff has failed to state a claim for sex discrimination since plaintiff has admitted she was not qualified for one of the five coordinator positions, and since two of the other four positions were filled by females. It asserts that as a matter of law, the fact that two positions were held by females precludes her claim for gender discrimination. However, irrespective of whether she will be able to prove her claim, plaintiff has alleged she was denied the opportunity to vie for a coordinator position, and that she was better qualified than at least one male employee who was selected for a coordinator position. In the court's opinion, this states a cognizable

---

[10] In a footnote, JSU, referring to plaintiff's response memorandum on the earlier motion, states:

Actually, in her Memorandum, she said this: "Plaintiff's claims are still timely pursuant to the Lilly Ledbetter Fair Pay Act." By not pleading [an] Equal Pay Act claim, [plaintiff] has abandoned the theory."

However, the Lilly Ledbetter Fair Pay Act applies to compensation decisions under Title VII, which plaintiff has undertaken to charge. See Simmons v. Texas Water Dev. Bd., Civil No. A-09-CA-785-LY, 2010 WL 4595804, 4 (W.D. Tex. Nov. 2, 2010) (explaining that Lilly Ledbetter Fair Pay Act amends Title VII with respect to the date of occurrence of discriminatory compensation claims).

claim.[11]  Obviously, as a matter of proof, the fact that other coordinator positions were filled by females is highly relevant; but on the pleadings, that fact alone is not fatal to her claim as a matter of law.

Based on the foregoing, it is ordered that JSU's motion is granted in part and denied in part, as set forth herein.

SO ORDERED this 31st day of March, 2011.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[11]     The single case JSU has cited in support of its position does not address the issue at all.  See Everett v. Mississippi, 106 Fed. Appx. 264, 2004 WL 1700647 (5th Cir. 2004).

19